THE WILMINGTON COAL MINING AND MANUFACTURING CO.

*v.*

JOHN LAMB.

1. CONTRACT OF SERVICE—*when employee may leave service and recover.* Where a written contract of service provides that the employee wishing in good faith to leave the service may do so at any time, without giving previous notice, in which event all arrearages of pay shall be due at the next regular pay day thereafter, the employee may quit before the expiration of the term and recover for the services performed, without being required to show he quit for good cause, where there is no proof showing he quit in bad faith.

2. SAME—*of damages to employer, as a set-off.* Where a servant quits his employment before the expiration of the time of his engagement, under a clause in the contract giving him such privilege, it is immaterial whether his so quitting damaged his employer or not, and the latter can not set off any such damages in an action against him for the wages due and unpaid.

30—90 ILL.

APPEAL from the Appellate Court of the Second District; the Hon. JOSEPH SIBLEY, presiding Justice, and the Hons. EDWIN S. LELAND and N. J. PILLSBURY, Justices.

This was an action brought by the appellee against the appellant, originally before a justice of the peace, to recover a balance due on wages as a miner. On appeal to the circuit court the plaintiff recovered judgment for $54.17 and costs. On appeal to the Appellate Court of the second district, the judgment was affirmed.

Mr. GEO. S. HOUSE, for the appellant.

Mr. WILLIAM MOONEY, and Messrs. HALEY & O'DONNELL, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

On the trial of this cause in the circuit court the appellant asked the witness Whitcomb a question, as follows:

"Now I will ask you, sir, that, in consequence of the plaintiff in this case quitting work before the first of May, 1877, it was any damage to the defendant, the company, in this case?" Appellee objected to the witness answering, and the court sustained the objection.

Appellant requested the court to instruct the jury as follows:

"The court instructs the jury, that, under the contract offered in evidence, if the jury believe that the plaintiff went to work under said contract, then the plaintiff had no right to quit the employment of the said defendant previous to the first day of May, 1877, without good cause."

The court refused the instruction.

The appellee having recovered a verdict and judgment for $54.17, the appellant appealed to the Appellate Court, where the judgment was affirmed. The appellant prayed for and obtained an appeal to this court, and it is contended on behalf

of appellant that the Appellate Court erred in affirming the judgment, on the ground that the circuit court erred in refusing to allow the witness Whitcomb to answer the question propounded, and also erred in refusing the instruction asked in its favor.

The action was brought by appellee to recover a balance claimed to be due for services in mining coal in appellant's mine. Appellant claimed that appellee performed the labor under a written contract. This is denied by appellee.

We do not, however, regard it material, so far as the decision of the questions presented is concerned, whether the labor was performed under a written contract or without any contract. Conceding that the services were rendered under the contract, as claimed by appellant, did the court err in refusing the instruction and in rejecting the offered evidence? The answer to this inquiry must depend upon the terms and conditions of the contract.

In the first part of the contract it is declared, that " the said party of the second part has agreed, and by these presents does agree, to enter into the employment of the said party of the first part as a miner of coal, to commence on the — day of June, A. D. 1876, and continue therein until the first day of May, 1877, and to abide by and adhere to and observe the rules and regulations hereto appended, which are made a part of this contract."

Rule four, appended to the contract, which, by its terms, is a part thereof, declares:

"Any employee may be discharged at any time without previous notice; and any employee wishing in good faith to leave the company's service may do so at any time without giving previous notice, but all arrearages of pay will be due and payable at the next regular pay day after leaving said employment: *Provided*, when an employee is discharged by the company, a due bill, maturing on the next pay day, will be given him for his balance."

It appears, from the record, that appellee quit the service

of appellant before the first day of May, 1877, but the record contains no proof that he quit in bad faith or for any evil-disposed purpose.    The contract gave appellee the right to leave at any time he saw proper in good faith to do so, and upon leaving, under regulation four, the payment for services rendered would fall due on the next regular pay day.

Under such circumstances the instruction of appellant which the court refused was erroneous, for the reason it declared that under the contract appellee had no right to quit the employment of appellant before the first day of May, 1877, without good cause, when the contract in express terms conferred the right whether there was good cause or not.

In regard to the rejected evidence it is apparent the answer to the question would have been immaterial.    It may be true appellant was damaged because appellee quit his service, but when the contract gave him the right to leave at any time he saw proper, the damages could not be set off against the amount which was due appellee.

This disposes of all questions properly presented by the record, and as we perceive no error in the ruling of the Appellate Court, the judgment will be affirmed.

*Judgment affirmed.*